# United States Court of Appeals
## For the First Circuit

---

No. 26-1852

UNITED STATES,

Plaintiff - Appellant,

v.

THE CITY OF BOSTON; MICHELLE WU, Mayor of The City of Boston, in the official capacity; MICHAEL A. COX, Police Commissioner, in the official capacity; BOSTON POLICE DEPARTMENT,

Defendants - Appellees.

---

**CASE OPENING NOTICE**

Issued: July 29, 2026

The above-captioned appeal was docketed in this court today pursuant to Rule 12 of the Federal Rules of Appellate Procedure. The above case number and caption (unless modified or amended as reflected in the heading of future court notices or orders) should be used on all papers subsequently submitted to this court. If any party disagrees with the clerk's office's designation of the parties on appeal, it must file a motion to amend the caption with any supporting documentation attached. Absent an order granting such a motion, the parties are directed to use the above caption on all pleadings related to this case.

Appellant must complete and return the following forms to the clerk's office by **August 12, 2026** to be deemed timely filed:

- Appearance Form
- Transcript Report/Order Form (Please carefully read the instructions for completing and filing this form.)
- Docketing Statement

These forms are available on the court's website at www.ca1.uscourts.gov, under "Forms & Notices." Failure to comply with the deadlines set by the court may result in dismissal of the appeal for lack of diligent prosecution. See 1st Cir. R. 3.0, 10.0, and 45.0.

Upon confirmation by the circuit clerk that the record is complete either because no hearing was held, no transcript is necessary, or the transcript is on file, the clerk's office will set the briefing schedule and forward a scheduling notice to the parties.

Unless the appellant was already determined to be in forma pauperis in the underlying district court action, or was determined to be financially unable to obtain an adequate defense in a criminal case, see Fed. R. App. P. 24(a)(3), a filing fee is due within seven days of filing the notice of appeal. An appellant not already determined to be indigent, who seeks to appeal in forma pauperis, must file a motion and financial affidavit in the district court in compliance with Fed. R. App. P. 24. For an appellant not already determined to be indigent, failure to pay the filing fee or file a motion seeking in forma pauperis status with the district court within fourteen days of the date of this notice, may result in the appeal being dismissed for lack of prosecution. 1st Cir. R. 3.0(b).

An appearance form should be completed and returned immediately by any attorney who wishes to file pleadings in this court. 1st Cir. R. 12.0(a) and 46.0(a)(2). Any attorney who has not been admitted to practice before the First Circuit Court of Appeals must submit an application and fee for admission using the court's Case Management/Electronic Case Files ("CM/ECF") system prior to filing an appearance form. 1st Cir. R. 46.0(a). *Pro se* parties are not required to file an appearance form.

Dockets, opinions, rules, forms, attorney admission applications, the court calendar and general notices can be obtained from the court's website at www.ca1.uscourts.gov. Your attention is called specifically to the notice(s) listed below:

- Notice to Counsel and Pro Se Litigants
- Transcript Notice

If you wish to inquire about your case by telephone, please contact the case manager at the direct extension listed below.

Anastasia Dubrovsky, Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210
Case Manager:  Jennifer - (617) 748-9885

# United States Court of Appeals
## For the First Circuit

---

### NOTICE OF ELECTRONIC AVAILABILITY OF CASE INFORMATION

The First Circuit has implemented the Federal Judiciary's Case Management/Electronic Case Files System ("CM/ECF") which permits documents to be filed electronically. In addition, most documents filed in paper are scanned and attached to the docket. In social security and immigration cases, members of the general public have remote electronic access through PACER only to opinions, orders, judgments or other dispositions of the court. Otherwise, public filings on the court's docket are remotely available to the general public through PACER. Accordingly, parties should not include in their public filings (including attachments or appendices) information that is too private or sensitive to be posted on the internet.

Specifically, Fed. R. App. P. 25(a)(5), Fed. R. Bank. P. 9037, Fed. R. Civ. P. 5.2 and Fed. R. Cr. P. 49.1 require that parties not include, or partially redact where inclusion is necessary, the following personal data identifiers from documents filed with the court unless an exemption applies:

- **Social Security or Taxpayer Identification Numbers.** If an individual's social security or taxpayer identification number must be included, only the last four digits of that number should be used.
- **Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.
- **Dates of Birth.** If an individual's date of birth must be included, only the year should be used.
- **Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.
- **Home Addresses in Criminal Cases.** If a home address must be included, only the city and state should be listed.

See also 1st Cir. R. 25.0(m).

If the caption of the case contains any of the personal data identifiers listed above, the parties should file a motion to amend caption to redact the identifier.

Parties should exercise caution in including other sensitive personal data in their filings, such as personal identifying numbers, medical records, employment history, individual financial information, proprietary or trade secret information, information regarding an individual's cooperation with the government, information regarding the victim of any criminal activity, national security information, and sensitive security information as described in 49 U.S.C. § 114.

Attorneys are urged to share this notice with their clients so that an informed decision can be made about inclusion of sensitive information. The clerk will not review filings for redaction.

Filers are advised that it is the experience of this court that failure to comply with redaction requirements is most apt to occur in attachments, addenda, or appendices, and, thus, special attention should be given to them. For further information, including a list of exemptions from the redaction requirement, see http://www.privacy.uscourts.gov/.

# United States Court of Appeals
## For the First Circuit

---

### NOTICE TO COUNSEL REGARDING
### MANDATORY REGISTRATION AND TRAINING
### FOR ELECTRONIC FILING (CM/ECF)

On August 21, 2017, the U.S. Court of Appeals for the First Circuit upgraded its CM/ECF system to NextGen CM/ECF, the latest iteration of the electronic case filing system. Use of the electronic filing system is mandatory for attorneys. If you intend to file documents and/or receive notice of docket activity in this case, please ensure you have completed the following steps:

- **Obtain a NextGen account.** Attorneys who had an e-filing account in this court prior to August 21, 2017 are required to update their legacy account in order to file documents in the NextGen system. Attorneys who have never had an e-filing account in this court must register for an account at www.pacer.gov. For information on updating your legacy account or registering for a new account, go to the court's website at www.ca1.uscourts.gov and select *E-Filing (Information)*.

- **Apply for admission to the bar of this court.** Attorneys who wish to e-file must be a member of the bar of this court. For information on attorney admissions, go to the court's website at www.ca1.uscourts.gov and select *Attorney Admissions* under the *Attorney & Litigants* tab. Bar admission is not required for attorneys who wish to receive notice of docket activity, but do not intend to e-file.

- **Review Local Rule 25.** For information on Loc. R. 25.0, which sets forth the rules governing electronic filing, go to the court's website at www.ca1.uscourts.gov and select *First Circuit Rulebook* under the *Rules & Procedures* tab.

# United States Court of Appeals
## For the First Circuit

---

**ORDER OF COURT**

Entered: February 9, 2021

In response to recent disclosures of wide-spread breaches of both private sector and government computer systems, the Court has adopted new security procedures to protect any highly sensitive document (HSD) filed with the Court that, if improperly disclosed, could cause harm to the United States, the Federal Judiciary, litigants, or others.

HSDs are documents containing information that is likely to be of interest to the intelligence service of a foreign government and the use or disclosure of such information by a hostile foreign government would likely cause significant harm to the United States or its interests. Examples of HSDs include unclassified sealed documents involving national security, foreign sovereign interests, criminal activity related to cybersecurity or terrorism, investigation of public officials, and extremely sensitive commercial information likely to be of interest to foreign powers.

The following types of sealed documents, if they do not fall into one of the categories above, typically will not qualify as HSDs: (1) presentence reports and related documents; (2) pleadings related to cooperation in criminal cases; (3) Social Security records; (4) administrative immigration records; and (5) most sealed documents in civil cases.

The designation of a document as highly sensitive is typically made by the district court or originating agency. Documents that have previously been designated by the district court or an agency as highly sensitive will ordinarily be treated in the same manner by this court. See 1st Cir. R. 11.0(c)(1).

If a document qualifies as an HSD as that term is described above, a filer is required to file a motion to treat that document as an HSD. The movant must serve the motion and the proposed HSD on all other parties by mail with proof of service under Fed. R. App. P. 25(d)(1). The motion and each proposed HSD should be conspicuously marked as a "HIGHLY SENSITIVE DOCUMENT" and placed inside an envelope marked "HIGHLY SENSITIVE." The motion to treat a document as an HSD should be filed contemporaneously with the filing of a motion to seal the document and should be filed in paper format only under the procedures and requirements of 1st Cir. R. 11.0(c). The motion must set forth in detail why the proposed document constitutes a highly sensitive document under the criteria set out in this order, including the specific grounds for asserting that the document contains information that is likely to be of interest to the intelligence service of a foreign government and the use or disclosure of such information by a hostile foreign government would likely cause significant harm to the United States or its interests. Conclusory assertions will not be deemed a sufficient basis for filing a motion to treat a sealed document as an HSD. If a filer believes that a previously filed document in an ongoing case before

the court qualifies as an HSD, a motion to treat the sealed document as an HSD may be filed. There is no need to file such a motion in a closed case.

/s/ Jeffrey R. Howard
Jeffrey R. Howard
Chief Judge

cc:
Cynthia L. Amara
Austin Paganelli Anderson
Kristyn Anderson
Megan B. Bayer
Rupa Bhattacharyya
Thomas Broom
Jared B. Cohen
Samuel Dinning
Heather Ferbert
Ames Grawert
Laura Greenberg-Chao
Rosalyn Guy-McCorkle
Cristen C. Handley
Jordan A. Hulseberg
Lauren Langer
Grace Lee
Donald Campbell Lockhart
Tony Lopresti
Robert Magee
Gustavo L. Martinez
Toby Merrill
Luke A. Miller
Erin Monju
Elisabeth Neylan
Matthew James O'Brien
Jessie J. Rossman
Alexandra B. Ruggie
Brianna Seid
Sean Skedzielewski
Robert Taylor
James J. Wen
Edward F. Whitesell Jr.
Tinesha Zandamela